UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CATHERINE OKORO
8585 North 106th Street
Milwaukee, WI 53224,
    Plaintiff,

Case No. 2:11-cv-00267-WEC

v.

PYRAMID 4 AEGIS, LLC
4574 North 22nd Street
Milwaukee, WI 53209

and

JEROME BATTLES
8211 West Hope Avenue
Milwaukee, WI 53222
    Defendants.

## DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Pyramid 4 Aegis, LLC and Jerome Battles, by and through their attorneys, McLario, Helm & Bertling, S.C., as and for an Answer to the Complaint of the Plaintiff, CATHERINE OKORO, and alleges as counterclaims against the plaintiff, alleges and shows to the Court as follows:

### NATURE OF CASE

1. Defendant Pyramid 4 Aegis, LLC ("Pyramid") is a Wisconsin Limited Liability Company. Pyramid is owned and managed by Jerome Battles ("Mr. Battles"). Accordingly, Mr. Battles is an improper defendant in the current action. Defendants affirmatively deny that the Plaintiff was at any time an employee of Pyramid. Defendants at no time made a promise to pay the Plaintiff $2,000.00 per month in wages. No contract of employment ever existed between the parties. Plaintiff further lacked the necessary license requirements to work as

1

an administrator under the Wisconsin statutes. Defendants did not violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq. In the alternative if any violation is found, Plaintiff would not eligible for liquidated damages as their actions were in "good faith" and based on "reasonable grounds" that the Plaintiff was not an employee. Defendants assert that there is no employment relationship. In the event an employment relationship is found, the plaintiff would be exempt from the Fair Labor Standards Act, 29 U.S.C. §201, as a professional or administrative assistant. Lastly, when Plaintiff ceased her activities at Pyramid, she willfully took clients away from Pyramid that were a tortious interference with established contracts under Wisconsin common law.

## JURISDICTION AND VENUE

2. The Court does not have proper jurisdiction over this matter as the alleged employment is not involve interstate commerce under 29 U.S.C.A. §207(a).

## PARTIES

3. Deny allegations of paragraph 3 of the Plaintiff's Complaint that Catherine Okoro was at any time an employee of the Defendants.

4. Admit allegations of paragraph 4 of the Plaintiff's Complaint that Pyramid 4 Aegis, LLC is a Wisconsin Corporation located at 4575 North 22nd Street in Milwaukee, Wisconsin. Deny that Pyramid 4 Aegis, LLC is a nursing facility. Pyramid 4 Aegis, LLC is CA A Class C Ambulatory CBRF.

5. Admit allegations of paragraph 5 of the Plaintiff's Complaint that Pyramid 4 Aegis, LLC is an enterprise pursuant to 29 U.S.C. §203(r)(1). Deny that Pyramid 4 Aegis, LLC is engaged in production of good for commerce within the meaning of Section 3(S)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. §203(s)(1)(A). Admit Defendant Battles is owner of Pyramid 4 Aegis, LLC and resides at 8211 W. Hope Avenue, Milwaukee, WI 53222 and was primarily in control

over operations and wages for Pyramid 4 Aegis, LLC. Admit that Mr. Battles supervised Plaintiff's activities at Pyramid 4 Aegis.

6. Admit allegations of paragraph 6 of the Plaintiff's Complaint that Pyramid 4 Aegis, LLC has employees. Deny that Pyramid 4 Aegis, LLC employs more than 50 employees and is an exception to 29 U.S.C. §207. Deny that Jerome Battles is, or was, at any time an employer.

7. Deny allegations of paragraph 7 of the Plaintiff's Complaint.

### FACTUAL ALLEGATIONS

8. Deny allegations of paragraph 8 of the Plaintiff's Complaint that Plaintiff began working for Defendants on or about June 1, 2009 as an Assistant Administrator. Admit that Plaintiff performed activities for Pyramid 4 Aegis, LLC when she was not working her other full time job in the insurance industry. Deny that Plaintiff was ever employed as an Administrator. Plaintiff did not have the necessary license requirements to work as an Administrator for Pyramid 4 Aegis, LLC. The only Administrator employed by Pyramid 4 Aegis, LLC between August 15, 2007 and May 2010 was Adriane Wade.

9. Deny allegations of paragraph 9 of the Plaintiff's Complaint that Plaintiff had any duties. Deny that Plaintiff's Exhibit A to the Complaint is a true and accurate copy of the marketing Pamphlet used by Pyramid 4 Aegis, LLC. Defendants assert that the addition of the Plaintiff's name on the pamphlet was unauthorized.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Plaintiff's Complaint and, therefore, denies same and puts the Plaintiff to its proof thereof.

11. Deny allegations of paragraph 11 of the Plaintiff's Complaint.

12. Deny allegations of paragraph 12 of the Plaintiff's Complaint.

13. Deny allegations of paragraph 13 of the Plaintiff's Complaint.

14. Admit allegations of paragraph 14 of the Plaintiff's Complaint that Plaintiff ceased activities with Pyramid 4 Aegis, LLC in May 2010 after she was denied the necessary license/permit from the State of Wisconsin to be an Administrator. Deny that Plaintiff demanded wages prior to filing Complaint with Wisconsin Department of Workforce Development on May 25, 2010. Admit that no wages were to Plaintiff.

## COUNT ONE

### ACTION BROUGHT PURSUANT TO
### THE FEDERAL FAIR LABOR STANDARDS ACT

15. Defendants re-allege denials of Plaintiff's Complaint paragraphs 1-14 as if fully stated herein.

16. Admit allegations of paragraph 16 of Count I of the Plaintiff's Complaint.

17. Deny allegations of paragraph 17 of Count I of the Plaintiff's Complaint.

18. Admit allegations of paragraph 18 of Count I of the Plaintiff's Complaint no wages were paid. Deny any violations of 29 U.S.C. §206(a).

19. Deny allegations of paragraph 19 of Count I of the Plaintiff's Complaint.

20. Deny allegations of paragraph 20 of Count I of the Plaintiff's Complaint.

## COUNT TWO

### BREACH OF CONTRACT

21. Defendants re-allege denials of Plaintiff's Complaint paragraphs 1-20 as if fully stated herein.

22. Deny allegations of paragraph 22 through 26 of Count TWO of the Plaintiff's Complaint.

### AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred by the doctrines of *res judicata,* collateral estoppel and/or claim preclusion in that all issues and claims referred to within the Plaintiff's complaint have been extinguished in that the Plaintiff previously filed a claim with the Wisconsin Department of

4

Workforce Development for unpaid hours of work, and that the matter has been concluded by the Wisconsin Department of Workforce Development.

24. Plaintiff did not bring forward the issue of her employment status or request wages prior to the cessation of her activities with Pyramid 4 Aegis, LLC, thus precluding her from now bringing action under the doctrines of waiver, latches and estoppel.

25. Plaintiff fails to state a claim upon which relief may be granted.

26. Statute of Frauds.

27. Defendants are not subject to Fair Labor Standards Act, 29 U.S.C. §201.

28. There was no employment relationship between the parties.

29. If an employment relationship is found, the plaintiff would be an exempt employee.

30. In the alternative, if an employment relationship is found, then the plaintiff would be classified as an intern.

31. Improper service and jurisdiction.

32. Plaintiff has failed to mitigate damages.

## COUNTERCLAIM

### COUNT ONE
### TORTIOUS INTERFERENCE WITH CONTRACT

33. Through the Plaintiff's activities at Pyramid 4 Aegis, she had direct contact with the employees and clients of Pyramid 4 Aegis, LLC.

34. That Plaintiff ceased all activities at Pyramid 4 Aegis in May 2010.

35. That upon ceasing her activities, the Plaintiff desired to damage Pyramid 4 Aegis, LLC.

36. Upon information and belief, at a time between May 1, 2010 and June 30, 2010, Plaintiff intentionally interfered with the client contracts of Pyramid 4 Aegis, LLC.

37. Upon information and belief, the Plaintiff received compensation for her interference with the client contracts belonging to Pyramid 4 Aegis, LLC.

38. That Defendant Pyramid 4 Aegis, LLC was damaged by the Plaintiff's action.

WHEREOF, the Defendant, Pyramid 4 Aegis, LLC pay that this Court:

a. Dismiss the Plaintiff's Complaint with prejudice.

b. Enter judgment in favor of the Defendant, Pyramid 4 Aegis, LLC, against the Plaintiff;

c. Award Defendant, Pyramid 4 Aegis, LLC, an amount equal to the lost client contracts, loss of business, and restitution of any amounts received by Plaintiff for the interference;

d. Award Defendant, Pyramid 4 Aegis, LLC prejudgment and post-judgment interest;

e. Order Plaintiff to pay the costs and disbursements of this action, including reasonable attorney fees;

f. Grant such other relief the Court deems just and proper.

## JURY DEMAND

Defendants hereby request a trial by jury of all issues in the pleadings.

Dated: July 22, 2011

Respectfully Submitted,
Attorney for the Defendants

s/Daniel L. Lambert
Daniel L. Lambert, SBN 1064635
McLario, Helm & Bertling, S.C.
N88 W16782 Main Street
Menomonee Falls, WI 53051
Phone: (262) 251-4210
Fax: (262) 251-5549
Email: dlambert@mclario.com