UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CATHERINE OKORO,

    Plaintiff,	Civil Action No.: 2:11-CV-00267

v.

PYRAMID 4 AEGIS and
JEROME BATTLES,

    Defendant.

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTER CLAIM FOR FAILURE TO STATE A CLAIM**

**INTRODUCTION**

Ms. Okoro filed a complaint against Defendants for their failure to pay her any wages to which she was entitled for her work for nearly one year. Prior to her filing this complaint, Defendants[1] have never raised any concern with Ms. Okoro that she has somehow improperly interfered with their work. It is only now, for the first time, that Defendants make their unfounded and extremely vague allegations. Because Defendants' counterclaim fails to state any claim upon which relief may be granted, we request that it be dismissed.

**ALLEGATIONS OF THE COUNTERCLAIM**

The Counterclaim filed by Defendants states as follows:

---

[1] Defendants refers to Pyramid 4 Aegis, LLC and Jerome Battles. While Ms. Okoro is the Defendant for purposes of the Counterclaim, this brief refers to the original Defendants as Defendants here.

1

33. Through the Plaintiff's activities at Pyramid 4 Aegis, she had direct contact with the employees and clients of Pyramid 4 Aegis, LLC.

34. That Plaintiff ceased all activities at Pyramid 4 Aegis in May 2010.

35. That upon ceasing her activities, the Plaintiff desired to damage Pyramid 4 Aegis, LLC.

36. Upon information and belief, at a time between May 1, 2010 and June 30, 2010, Plaintiff intentionally interfered with the client contracts of Pyramid 4 Aegis, LLC.

37. Upon information and belief, the Plaintiff received compensation for her interference with the client contracts belonging to Pyramid 4 Aegis, LLC.

38. That Defendant Pyramid 4 Aegis, LLC was damaged by the Plaintiff's action.

## **ARGUMENT**

In both *Twombly* and *Iqbal* the Supreme Court has clearly stated that a complaint must state a plausible claim for relief through well plead facts. In *Iqbal* the Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but **it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

2

> alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S., 129 S.Ct. 1937, 1949-1950 (2009)(emphasis added). Defendants' counterclaim does not meet the minimum requirements for a complaint as outlined by the Supreme Court. Rather, Defendants' counterclaim is exactly what the Court has held does not suffice: it contains only threadbare recitals of what Defendants believe are the elements of the claim of tortious Interference with a contract.

Specifically, Defendants allege that Ms. Okoro, for some unnamed reason, desired to damage Pyramid 4 Aegis, LLC without providing any support for this conclusory allegation. Defendants fail to identify any statement made by Ms. Okoro which would support such a conclusion or identify any (purported) reason she would have for doing such a thing. In fact, Ms. Okoro has a very strong motive to not have Pyramid 4 Aegis, LLC damaged – it will be more difficult for Ms. Okoro to recover her unpaid wages if Pyramid 4 Aegis, LLC closes.

Defendants also allege with no supporting details that Ms. Okoro (purportedly) intentionally interfered with the client contracts of Pyramid 4 Aegis, LLC. In making this allegation, Defendants fail to provide *any* factual basis. Defendants do not identify any client contracts that she allegedly interfered with or any facts which would reflect or substantiate the claimed interference. Thus, there are no well-pleaded facts from which this Court could reasonably determine that Defendants have a "plausible claim for relief."*Ashcroft*, 129 S.Ct. at 1949.

Finally, Defendants allege that Ms. Okoro received compensation for her interference with client contracts belonging to Pyramid 4 Aegis. Again, in asserting this

3

conclusion, Defendants fail to provide any factual support. Defendants do not state from whom Ms. Okoro (purportedly) received her compensation or its (purported) value. Thus, this is exactly the sort of allegation that the Supreme Court had in mind when it stated that courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Moreover, Defendants' conclusory allegations that Ms. Okoro intentionally interfered with client contracts and received compensation are plead "upon information and belief." Such allegations "upon information and belief" are admissions that Defendants have no firsthand knowledge of any facts which would support these allegations. (Black's Law Dictionary, Sixth Edition, p. 779). Nor do Defendants allege any information as to who would have any such knowledge or suggest the source or basis of Defendants' purported belief. Even if certain unnamed clients terminated their relationships with Defendants when Ms. Okoro left, Defendants have failed to allege a single fact from which this Court could conclude that they left as a consequence of any action by Ms. Okoro. ,

In addition, even assuming arguendo that Defendants had plead specific acts by Ms. Okoro which ultimately resulted in a client leaving Defendants' facility, this does not mean that her actions were unlawful. Historically, Wisconsin courts have discussed the exception to the general rule of intentional interference with a contract in terms of a "privilege" to interfere. However, in adopting the *Restatement (Second) of Torts*, the courts have substituted the concept of "propriety" for privilege. *Hale v. Stoughton Hospital Ass'n, Inc.* 126 Wis.2d 267, 281-282 (Ct. App. 1985). In other words, liability only attaches when one intentionally ***and improperly*** interferes with the performance of

a contract. *Id.* Here, however, Defendants have failed to allege *any* facts, which if proven, would establish that Ms. Okoro *improperly* interfered with any client contracts.

To determine whether Defendants have stated a plausible claim for relief for *improper* interference, the Court would need to consider well-plead facts related to the following:

> (a) The nature of Ms. Okoro's alleged conduct;
> (b) Ms. Okoro's motive;
> (c) The Defendants' interests;
> (d) The interests sought to be advanced by Ms. Okoro;
> (e) The social interests in protecting the freedom of action of Ms. Okoro and the contractual interests of the Defendants;
> (f) The proximity or remoteness of Ms. Okoro's alleged conduct to the interference;
> (g) The relationship between the parties.

*Mackenzie v. Miller Brewing Company*, 234 Wis. 2d 1, 47 (Ct. App. 2000). Here, however, Defendants' failure to allege *any* facts which would demonstrate impropriety by Ms. Okoro does not allow for a determination of the plausibility of their claim. In addition, to the extent Defendants' "information" or "belief" relates to the transmission of truthful information, such statements are proper as a matter of law and cannot be the basis for an intentional interference claim. *See Liebe v. City Finance Company*, 98 Wis. 2d 10, 14-15 (Ct. App. 1980). Likewise, impropriety might be established by proof of coercion by physical force or fraudulent misrepresentation. *Id.* However, Defendants have not alleged that Ms. Okoro has engaged in coercion or fraud.

Put simply, Defendants have alleged *no facts* from which the Court could conclude that they have stated a plausible claim for relief against Ms. Okoro for tortious interference with contract. The counterclaim contains only conclusory allegations, several of them alleged "upon information and belief." Moreover, Defendants fail to

allege the necessary impropriety even on a conclusory basis. This is exactly the sort of claim that must be dismissed under *Iqbal* and *Twombly*.

## **CONCLUSION**

Because Defendants have failed to allege facts to support the plausibility of its Counterclaim against Ms. Okoro, Ms. Okoro respectfully requests that Defendants' Counterclaim be dismissed.

Dated: August 23, 2011                 Respectfully submitted,


      s/ Marni Willenson
Marni Willenson
Willenson Law, LLC
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
Phone: 312-546-4910
Fax: 312-261-9977
Email: marni@willensonlaw.com
Bar No.


      s/ Rebecca L. Salawdeh
Rebecca L. Salawdeh
Salawdeh Law Office, LLC
7119 West North Avenue
Wauwatosa, WI 53213
Phone: 414-455-0117
Fax: 414-918-4517
Email: rebecca@salawdehlaw.com
Bar No. 1027066

Attorneys for the Plaintiff