UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CATHERINE OKORO,

    Plaintiff,

  v.                                                Case No. 11-C-267

PYRAMID 4 AEGIS
and JEROME BATTLES,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

On August 23, 2011, the plaintiff, Catherine Okoro ("Okoro"), filed a motion to dismiss the counterclaim asserted against her by the defendants, Pyramid 4 Aegis ("Pyramid") and Jerome Battles ("Battles") on the grounds that it fails to state a claim upon which relief can be granted. Thereafter, on September 22, 2011, counsel for the defendants filed a motion to withdraw. That motion to withdraw was granted at a hearing conducted on such motion on October 13, 2011. During that same hearing, defendant Battles indicated that he wanted to have an opportunity to respond to the motion to dismiss the counterclaim. He was given until November 1, 2011, by which to file his response. November 1, 2011, has come and gone and there has been no filing by Battles in response to the motion to dismiss the counterclaim. Thus, the plaintiff's motion is now fully briefed and is ready for resolution.

A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the pleadings actually state a claim upon which relief can be granted. "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 884 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A [counterclami] must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the [pleader] must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 885.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [pleading] has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 884 (quoting Fed. R. Civ. P. 8(a)(2)). While the pleader must provide notice to the opposing party of his claims, factual allegations consisting of "abstract recitations of elements of a cause of action or conclusory legal statements" are inadequate. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The counterclaim reads as follows:

25. Through the Plaintiff's volunteer work, she had direct contact with the employees and clients of Pyramid 4 Aegis, LLC.

26. That Plaintiff ceased all volunteer activities in May 2010.

27. That upon ceasing her volunteer activities the Plaintiff desired to damage Pyramid 4 Aegis, LLC.

28. That at a time between May 1, 2010 and June 30, 2010 Plaintiff approached, encouraged and arranged for Pyramid 4 Aegis, LLC employees Robinson Tylisa, Jonlisa Covington, and Shemere Davis to leave the employment of Pyramid 4 Aegis, LLC for competitors in the industry.

29. That upon information and belief Plaintiff received fiscal compensation for the placement of Robinson Tylisa, Jonlisa Covington, and Shemere Davis with the competitors.

30. That Robinson Tylisa, Jonlisa Covington, and Shemere Davis had non-compete agreements against taking such employment.

31. That Plaintiff's actions in approaching, encouraging and arranging for the placement of Robinson Tylisa, Jonlisa Covington, and Shemere Davis was done wilfully and constituted a tortious interference with contracts under Wisconsin law.

32. That at a time between May 1, 2010 and June 30, 2010, plaintiff approached, encouraged and arranged for Pyramid 4 Aegis, LLC clients Richard Isaac and Tamika Lee to break their contracts and leave Pyramid 4 Aegis, LLC.

33. Upon information and belief, the Plaintiff received compensation for the referral of Richard Isaac and Tamika Lee to other facilities.

34. That Plaintiff's actions of approaching, encouraging and placing Richard Isaac and Tamika Lee at alternate facilities was done wilfully and constituted a tortious interference with contracts under Wisconsin law.

35. That Defendant Pyramid 4 Aegis, LLC was damaged by the Plaintiff's action.

The plaintiff argues that the defendants' counterclaim does not meet the minimum requirements for a claim as required by the Supreme Court. Specifically, she argues that the counterclaim contains only "threadbare recitals of what Defendants believe are the elements of the claim of tortious Interference with a contract." (Pl.'s Br. 3.) She argues that the defendants allege no facts to support their conclusory allegations. I disagree.

The counterclaim does indeed set forth more than conclusory allegations. It sets forth at least some particulars to support the defendants' claim that Pyramid was the victim of tortious interference with contract. Of course, whether the defendants will be able to prove those factual allegations remains to be seen. Suffice it to say, however, that the counterclaim is sufficient to survive a motion to dismiss for failure to state a claim. Thus, the plaintiff's motion to dismiss the counterclaim will be denied.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to dismiss the defendants' counterclaim be and hereby is **DENIED**;

3

**SO ORDERED** this 16th day of November 2011 at Milwaukee, Wisconsin.

                                            **BY THE COURT**:

                                            s/ William E. Callahan, Jr.
                                            WILLIAM E. CALLAHAN, JR.
                                            United States Magistrate Judge