UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CATHERINE OKORO,
       Plaintiff,                          Civil Action No.: 2:11-CV-00267

v.

PYRAMID 4 AEGIS and
JEROME BATTLES,
       Defendant.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Ms. Okoro performed work for Defendants for nearly a year. Defendants' business is a for-profit enterprise. Ms. Okoro was never paid for this work that she did. These facts are not disputed. Defendants' only defense has been that they did not need to pay Ms. Okoro as she was a (purported) "volunteer." However, the overwhelming authority makes clear that Ms. Okoro could not volunteer for this for-profit business.

## STATEMENT OF FACTS

Ms. Okoro incorporates her Amended Proposed Findings of Fact and Jerome Battles' admissions in his affidavit filed with Defendants' opposition to Ms. Okoro's summary judgment motion. However, Ms. Okoro emphasizes the following facts:

1

1. Mr. Battles admits that Ms. Okoro worked for Defendants to solicit clients. (Battles Affidavit ¶9)

2. Mr. Battles admits that Ms. Okoro worked for Defendants to submit time to Paychecks for other employees. (Battles Affidavit ¶13)

3. Mr. Battles admits that Ms. Okoro did some cleaning of Defendants facilities and purchased some items for Defendants' business. (Battles Affidavit ¶13)

4. Mr. Battles admits that Ms. Okoro "quit" the business, implying that she had actually worked there to begin with. (Battles Affidavit ¶14 and 28)

5. Mr. Battles admits that Ms. Okoro solicited business for Defendants. (Battles Affidavit ¶18)

6. Mr. Battles admits that Ms. Okoro interviewed caregivers. (Battles Affidavit ¶18)

7. Mr. Battles admits that Ms. Okoro checked in on caregivers. (Battles Affidavit ¶18)

8. Mr. Battles admits that Ms. Okoro created work schedules and confirmed employee hours. (Battles Affidavit ¶18)

9. Mr. Battles admits that Ms. Okoro presided over employee meetings. (Battles Affidavit ¶18)

10. Mr. Battles admits that Ms. Okoro did work for Defendant at least on a sporadic basis. (Battles Affidavit ¶21)

11. Mr. Battles admits that Ms. Okoro shared in the responsibility of dealing with pharmacies and picking up drugs for clients. (Battles Affidavit ¶27)

12. Mr. Battles admits that Ms. Okoro was never paid by Defendants for her work. (Battles Affidavit ¶25)

13. Mr. Battles admits that Pyramid 4 Aegis is a for-profit company. (Plaintiff's Amended Proposed Findings of Facts ¶2)

**ARGUMENT**

The question on a motion for summary judgment is whether there is any ***genuine*** issue of ***material*** fact. Fed.R.Civ.P. 56(c). While the Defendants deny some facts related to Ms. Okoro's work, they have failed to raise or identify any genuine issue of material fact on the issue of their liability. In this FLSA (Fair Labor Standards Act) case, the first question is whether Defendants suffered or permitted Ms. Okoro to work. 29 U.S.C. §203(g). The second question is whether Defendants paid Ms. Okoro at least the minimum wage for that work. 29 U.S.C. §206. The answer to the first question is "Yes." The answer to the second question is "No." There is no genuine dispute on these questions.

We agree that Ms. Okoro is required to initially establish that she was employed by Defendants. However, the FLSA's coverage provisions are expansive. The Supreme Court recognized long ago that "a broader or more comprehensive coverage of employees … would be difficult to frame." *United States v. Rossenwasser*, 323 U.S. 360, 362 (1945). The FLSA's definition of "employ" is "suffer or permit to work." 29 U.S.C. §203(g). This provision must not be "interpreted or applied in a narrow, grudging manner." *Texas Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597, 64 S.Ct. 698, 88 L.Ed. 949 (1944).* While the FLSA is "not intended to stamp all persons as employees who … might work for their own advantage on

3

the premises of another" or "sweep under the Act each person who … solely for his personal purpose or pleasure, work[s] in activities carried on by other persons," *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152, (1947), this sort of exemption must be "narrowly construed against the employers seeking to assert [it]." *Arnold v. Ben Kanowsky, Inc.* 361 U.S. 388, 392 (1960).

In fact, the exemption for volunteers applies only when the work performed is *solely* for the benefit of (alleged) volunteer – as it would be if the person were going to school. Only in this limited circumstance can a person be treated as an unpaid "volunteer." http://www.dol.gov/whd/regs/compliance/whdfs71.htm. In fact, not even employees' own protestations that they were volunteers are dispositive. *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 301 (1985).

Here, it is undisputed that Ms. Okoro performed work for Defendants' business. The work that Mr. Battles admits Ms. Okoro performed includes but is not limited to: soliciting clients and businesses; submitting employee time to Paychecks; cleaning the facility; purchasing items for the facility; interviewing caregivers; checking in on caregivers; creating work schedules; confirming employee hours; presiding over employee meetings; and dealing with pharmacies on behalf of clients.

Second, Mr. Battles further admits that Pyramid 4 Aegis is a for-profit business. This fact is a clear distinction from those cases cited by Defendants. The few cases cited by Defendants with a finding that the plaintiff was a volunteer all involved either public sector employers (*Rodriguez v. Township of Holiday Lakes; Benshoff v. City of Virginia Beach;* and *Todaro v. Township of Union)* or non-profit organizations (*Turner v. Unification Church*). Additionally,

4

whether Defendants actually make a large profit (Battles Affidavit ¶7) is beside-the-point. The business is meant to generate a profit, and thus cannot engage unpaid volunteers. *See* http://www.dol.gov/elaws/esa/flsa/docs/volunteers.asp.

In DOL Opinion Letter FLSA2002-9 (Oct. 2, 2002)[1], the Department of Labor explained why the exemption for volunteers rarely if ever applies in the context of for-profit enterprises. Among other reasons, employers who engage unpaid "volunteers" gain an unfair competitive advantage from the payment of substandard wages, or as here, no wages at all. *See Alamo Foundation,* 471 U.S. at 299; *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). As the Supreme Court explained in *Alamo Foundation*, "if an exception to the Act were carved out for employees willing to testify that they performed work 'voluntarily,' employers might be able to use superior bargaining power to coerce employees to make such assertions, or to waive their protections under the Act. Such exceptions to coverage would affect many more people than those workers directly at issue in this case and would be likely to exert a general downward pressure on wages in competing businesses." 471 U.S. at 302.

Likewise here, as a for-profit business, Defendants secured an economic benefit from Ms. Okoro's work. She solicited clients, prepared the facility, interviewed staff, submitted payroll, purchased items for the business, supervised staff, created work schedules, confirmed employee hours, picked up medication and performed other tasks -- all work Mr. Battles admits Ms. Okoro performed for Pyramid 4 Aegis. By contrast, Defendants have failed to identify any personal benefit that Ms. Okoro purportedly received from her work for this for-profit business.

---

[1] http://www.dol.gov/whd/opinion/FLSA/2002/2002_10_07_9_FLSA.htm

5

Thus, the record does not support a finding that Ms. Okoro worked "solely for h[er] personal purpose or pleasure." *Walling*, 330 U.S. at 152. To the contrary, the undisputed facts reflect that Defendants did suffer or permit Ms. Okoro to work as defined expansively in the FLSA. 29 U.S.C. §203(g). Consequently, Defendants were required to pay Ms. Okoro at least the minimum wage for all of her hours worked. 29 U.S.C. §207.

Third, Mr. Battles admits that he never paid Ms. Okoro for her work. This admission, given the correct resolution of the FLSA coverage question, constitutes an admission of liability.

Finally, Defendants have raised no genuine issue of material fact on the question of their liability as joint employers. Thus, for the reasons described in Ms. Okoro's motion, Defendants Battles and Pyramid 4 Aegis are jointly and severally liable for her unpaid wages.

## CONCLUSION

Defendants suffered and permitted Ms. Okoro to perform numerous tasks for Pyramid 4 Aegis, a for-profit company. The work performed by Ms. Okoro was primarily for the benefit of Pyramid 4 Aegis and provided little personal benefit to her. Ms. Okoro was never compensated for this work. Therefore, Defendants have violated the Fair Labor Standards Act and owe Ms. Okoro minimum wages for all of the hours she worked.

Dated this 30th day of March, 2012.

RESPECTFULLY SUBMITTED:

s/Rebecca L. Salawdeh
**Rebecca L. Salawdeh**
Salawdeh Law Office, LLC
7119 W. North Avenue
Wauwatosa, WI 53213
Phone: 414-455-0117
Fax: 414-918-4517
Email: rebecca@salawdehlaw.com

s/Marni Willenson
**Marni Willenson**
Willenson Law, LLC
542 S. Dearborn Street, Ste. 610
Chicago, IL 60605
Phone: 312-546-4910
Fax: 312-261-9977
Email: marni@willensonlaw.com
*Attorneys for Plaintiff*