UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CATHERINE OKORO,

                Plaintiff,

                                              Civil Action No.: 2:11-CV2-00267

-vs-

PYRAMID 4 AEGIS and
JEROME BATTLES,

                Defendants.

---

## DEFENDANTS' AMENDED FINAL PRETRIAL REPORT

---

A.    SUMMARY STATEMENT OF THE FACTS OF THE CASE AND THEORIES OF DEFENSE:

      Jerome Battles formed the business known as Pyramid 4 Aegis in 2008. The business is a community-based residential facility which was formed to house and care for the sick and elderly. The person who helped Jerome Battles form the business is named Ms. Adrian Wade. Ms. Wade is a friend of Mr. Battles and she is both a licensed administrator of two CBRF facilities and a nurse. Ms. Wade was the administrator and nurse on staff at Pyramid 4 Aegis in 2008 and 2009.

      Mr. Battles met the plaintiff, Catherine Okoro, in 2008. Ms. Okoro called Mr. Battles and asked if she could sell him insurance for his new business. Ms. Okoro sold liability insurance to Mr. Battles for $5,000.00. Ms. Okoro sold worker's compensation insurance to Mr. Battles for $1,000.00. A personal and social relationship developed between Ms. Okoro and Mr. Battles. Also, Ms. Okoro told Mr. Battles that she wanted to learn the group home business and therefore, she would learn the business by working at Pyramid 4 Aegis. During the time that Ms. Okoro spent at the group home, there were 0 to 3 patients at the group home.

Mr. Battles never saw Ms. Okoro write down the time she came to or left the business premises. Mr. Battles and Ms. Okoro ate meals at the business premises. Ms. Okoro came to the business premises to wait for her children to be out of school as her children attended school within a few blocks of the group home.

Ms. Okoro never presented Mr. Battles with a time sheet showing the hours that she worked at the business. Mr. Battles never approved or authorized a time sheet submitted by Ms. Okoro.

The business utilized Paychex to handle the payroll. Ms. Okoro called in hours for caregivers to Paychex but never called in hours for herself. Throughout the period during which Ms. Okoro claims to have worked for Pyramid 4 Aegis, Ms. Okoro had a full time job selling insurance for Farmers Insurance with an office on 93rd Street and Capitol Drive.

Ms. Okoro had no employment contract, no written statement of duties and responsibilities, and no personnel file. Ms. Okoro attempted to become an administrator, but her application was rejected by the State of Wisconsin.

The theory of the defense is that Ms. Okoro only performed small tasks concerning the business of the group home. These small tasks were performed by Ms. Okoro primarily for her own benefit. In performing these tasks, Ms. Okoro was attempting to learn the group home business because she was interested in operating her own group home. The majority of the work day was spent by Ms. Okoro at her regular job selling insurance at Farmers Insurance, with offices on 93rd and Capitol Drive. What time Ms. Okoro did spend at the group home was mostly spent pursuing a personal and social relationship with Mr. Battles. Ms. Okoro did not keep contemporaneous records of the time spent at the group home and the time sheets supplied to the court by Ms. Okoro were written subsequent to the time the relationship with Mr. Battles ended and she stopped going to the group home.

B. STATEMENT OF ISSUES:

The only issue in this case is the number of hours spent by Ms. Okoro working for the benefit of Pyramid 4 Aegis.

C. NAMES AND ADDRESSES OF ALL WITNESSES EXPECTED TO TESTIFY:

1. Jerome Battles
   8211 West Hope Avenue
   Milwaukee, WI 53222

2. Beverly Bynum
   6672 102nd Street
   Pleasant Prairie, WI 53158

Beverly Bynum will testify that she saw the plaintiff at the group home on several occasions. When the plaintiff was seen by Beverly Bynum at the group home, the plaintiff was either making calls for her insurance business or socializing with Jerome Battles.

D. EXPERT WITNESSES: *None*

E. LIST OF EXHIBITS TO BE OFFERED AT TRIAL:

1. 2009 State and Federal Income Tax Returns of Catherine Okoro
2. 2010 State and Federal Income Tax Returns of Catherine Okoro

F. DESIGNATION OF ALL DEPOSITIONS OR PORTIONS OF TRANSCRIPTS OR OTHER RECORDINGS OF DEPOSITIONS TO BE READ INTO THE RECORD OR PLAYED AT TRIAL AS SUBSTANTIVE EVIDENCE: *None*

G. COUNSEL'S BEST ESTIMATE ON THE TIME NEEDED TO TRY THE CASE: *Two days.*

H. ALL PROPOSED QUESTIONS THAT COUNSEL WOULD LIKE THE COURT TO ASK ON VOIR DIRE:

1. Do any members of the jury feel they would tend to side with the employee against an employer?

2. Has any member of the jury ever made a claim for wages, either in court or out of court?

3. Has any member of the jury ever sued an employer?

Dated at Milwaukee, Wisconsin this 12th day of September, 2012.

                    Respectfully Submitted:

                    *S/Robert N. Meyeroff*
                    ROBERT N. MEYEROFF
                    Attorney for Defendants

<u>P.O. Address:</u>

633 W. Wisconsin Ave, Suite 605
Milwaukee, WI 53203
PH:    414/276-8404
FAX:   414/276-1130