UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CATHERINE OKORO,

    Plaintiff,

v.                                     Case No. 11-C-267

PYRAMID 4 AEGIS, and
JEROME BATTLES,

    Defendants.

## JURY INSTRUCTIONS

### PART ONE: GENERAL INTRODUCTION

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence in the case, it becomes my duty to instruct you on the law that applies to this case.

These instructions will be in three parts.

**First**: The instructions on general rules which define and control the jury's duties in a civil case;

**Second**: The instructions which state the rules of law which you must apply, i.e., what the parties must prove in their case; and,

**Third**: Some rules and guidelines for your deliberations and return of your verdict(s).

At the conclusion of my instructions, the attorneys for the parties will deliver their closing arguments, followed by the concluding instructions of the court.

Copies of these instructions will be available in the jury room for each of you to consult should you find it necessary.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. As jurors, you have no right to disregard, or give special attention to, any one of the instructions, or to question the wisdom of any rule of law.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

As jurors, you should consider and view the evidence in light of your own observations and experiences in the affairs of life. In determining the facts, you should do so from a fair consideration of the evidence. That means you must not be influenced by prejudice, fear, favor, personal likes or dislikes, opinions, or sympathy.

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. Certain things are not evidence and you may not consider them in determining what the facts are. Those matters and things that are not evidence include the following:

**First**, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

**Second**, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

**Third**, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

**Fourth**, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

If, during the course of this trial, you have gained any impression that I have a feeling one way or another about this case, then you should completely disregard any such impression because you, as jurors, are the sole judges of the evidence and the credibility of the witnesses in this case. My feelings are wholly immaterial. Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. You are the sole and exclusive judges of the facts.

In determining the facts, you are reminded that before each member of the jury was accepted and sworn to act as a juror, you were asked questions regarding your competency, qualifications, fairness, and freedom from prejudice or sympathy. On the faith of those answers, each of you was accepted by the parties to serve as a juror. Therefore, those answers are as binding on each of you now as they were then, and should remain so until the jury is discharged from consideration of this case.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

The evidence from which you are to determine the facts in order to reach a verdict consists of the following:

**First**: The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

**Second**: The exhibits which have been received into evidence, regardless of who may have produced them; and

**Third**: Any facts to which the lawyers for the parties have agreed or stipulated.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense and experience.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proven, such reasonable inferences as seem justified in the light of your experience.

In other words, you should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of a discrepancy, always

6

consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You are instructed that it is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Evidence that at some other time a witness, not a party to this action, has said or done something that is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## PART TWO: SUBSTANTIVE LAW

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of wages for hours an employee worked for the benefit of an employer. The plaintiff claims that the defendants did not pay her for hours that she worked for Pyramid 4 Aegis.

An employee has the burden of proving by a preponderance of the evidence that she performed work for which she was not properly compensated. Before the trial in this case, I determined that the plaintiff qualified to be treated as an employee of Pyramid 4 Aegis, thereby entitling her to compensation for work performed in accordance with the Fair Labor Standards Act. Although I determined that the plaintiff qualified to be treated as an employee for Pyramid 4 Aegis, it is your duty to decide how many hours she worked for Pyramid 4 Aegis.

In determining the hours worked by an employee, an employee must be paid for the time controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or the employer's business. For work done in a single work day, an employee has the right to be paid continuously from the time she starts her principal work activities until she completes work on the same day, except for meal periods, regardless of how long those activities take to perform or whether the productive work is being performed the entire time. Furthermore, work not requested but permitted to be performed is work time that must be paid for by the employer.

An employer has a duty to keep and maintain proper records of wages, hours, and other conditions and practices of employment. When an employer fails to keep proper and accurate records

of an employee's work hours, an employee has carried out her burden of proof if she proves that she has in fact performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of the hours worked as a matter of just and reasonable inference.

If the employee produces sufficient evidence showing the amount and extent of hours worked as a matter of just and reasonable inference, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, then you must determine the number of hours the employee worked for the defendant, even though the result may be only approximate.

## PART THREE: DELIBERATIONS

This case will be submitted to you in the form of a Special Verdict consisting of two questions. A form for the Special Verdict has been prepared for your convenience.

### [READ SPECIAL VERDICT FORM]

Your duty is to answer the questions in the Special Verdict form which, according to the evidence and my instructions, you are required to answer to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions in the Special Verdict form solely upon the evidence received in this trial. You are to be guided by my instructions and your own sound judgment in considering the evidence in the case and in answering each question.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

# CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner any intimation as to what verdict the court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

Upon returning to your jury room, your first duty will be to select a foreperson who will preside over your deliberations, complete the verdict form with the answers you have agreed upon, and serve as your spokesperson here in court. His or her vote, however, is entitled to no greater weight than the vote of any other juror.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff that he, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates. Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly.

When your deliberations are concluded, and your answers inserted in the verdict form, the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.