UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CATHERINE OKORO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:11-CV-00267 |
| ) | |
| v. ) | Mag. J. Callahan |
| ) | |
| PYRAMID 4 AEGIS and ) | |
| JEROME BATTLES, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S POST-TRIAL MEMORANDUM ON THE COMPUTATION
OF UNPAID WAGES AND LIQUIDATED DAMAGES**

Pursuant to the Court's order after the jury verdict in Plaintiff's favor, Plaintiff Catherine Okoro submits the following post-hearing memorandum on the computation of unpaid wages and liquidated damages. As demonstrated below, the Court should enter final judgment in favor of Plaintiff and against Defendants Jerome Battles and Pyramid 4 Aegis, jointly and severally, in the amount of $22,679.60, plus reasonable attorney's fees and costs.

**A.    COMPUTATION OF UNPAID WAGES**

1.    The jury found that up until July 23, 2009, Plaintiff worked 206 hours for Pyramid 4 Aegis. (ECF No. 65.) The federal minimum wage for this time period was $6.55 per hour. (*See* Exhibit A.) Thus, the calculation of Plaintiff's unpaid minimum wages for this time period is: **206 x 6.55= $1,349.30**

2.    The jury further found that on and after July 24, 2009, Plaintiff worked 1,378 hours for Pyramid 4 Aegis. (ECF No. 65.) The federal minimum wage for this time period was

$7.25 per hour. (*See* Exhibit A.) Thus, the calculation of Plaintiff's unpaid minimum wages for this time period is: **1,378 x 7.25= $9,990.50**

3. In sum, Defendants are liable to Plaintiff, jointly and severally, for $11,339.80 in unpaid wages ($1,349.30 + $9,990.50) under the Fair Labor Standards Act, 29 U.S.C. §206.

**B. Plaintiff is Entitled to An Additional and Equal Amount as Liquidated Damages Under §16(b) of the Fair Labor Standards Act**

"Any employer who violates the provisions of section 206 … of [the Fair Labor Standards Act] ***shall*** be liable to the employee … affected in the amount of their unpaid minimum wages … and in additional equal amount as liquidated damages." Thus, under the authority of 29 U.S.C. §216(b), Plaintiff is entitled to liquidated damages in an additional and equal amount to her unpaid minimum wages ($11,339.80), yielding total damages of $22,679.60.

Liquidated damages awards are ***mandatory*** unless an employer proves one of the limited affirmative defenses available under the Portal-to-Portal Act. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("Doubling is not some disfavored 'penalty' … Double damages are the norm, single damages the exception, the burden on the employer.")

Here, Defendants might have (but did not) attempted to prove the limited "good faith" defense under Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260. To prevail on that defense, an employer must prove that its conduct was "in good faith" and taken with "reasonable grounds for believing that [its] act or omission was not a violation of the Fair Labor Standards Act[.]" 29 U.S.C. §260. The determination of liquidated damages and good faith under Section 11 is for the Court, not the jury. However, before the Court can exercise discretion under 29 U.S.C. §260 to deny or limit liquidated damages, it would need to make findings of fact based upon the evidentiary record that Mr. Battles acted ***both*** in good faith ***and*** with reasonable grounds to

believe that his conduct did not violate the Act. *See Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129-130 (3d Cir. 1984); Ellen C. Kearns (Sr. Editor), *The Fair Labor Standards Act* 18-95 (BNA 2d ed. 2010); *see also Bankston*, 60 F.3d at 1254 (grounds for review of district court's findings of facts on liquidated damages is for clear error); *Pautlitz v. City of Naperville*, 874 F. Supp. 833, 834-37 (N.D. Ill. 1994) (making findings of fact on liquidated damages).

Here, Defendants did not raise the affirmative defense of good faith at any point during the litigation. *See* ECF No. 15 (Second Amended Answer, Affirmative Defenses and Counterclaim) at 4-5; ECF No. 50 (Defendant's Final Pretrial Report) at 2-3. Prior to trial, Defendants submitted their Final Pretrial Report, stating conclusively: "The only issue in this case is the number of hours spent by Ms. Okoro working for the benefit of Pyramid 4 Aegis." ECF No. 50 at 2-3. Because Defendants never raised a good faith defense, the issue was not tried to the Court, and defendant did not present evidence on the question of whether Mr. Battles' actions were "in good faith" and taken with "reasonable grounds for believing" that they complied with law. Having failed to offer any evidence on a question that was never raised, Defendants, by definition, failed to prove the good faith defense. Moreover, because Defendants failed to raise or offer evidence related to the defense, Plaintiff had no opportunity to rebut any defense and would be prejudiced if the Court were to entertain the defense *sua sponte* after trial.

### A. To Establish A Defense Under Section 11 of the Portal-to-Portal Act, Employers Bear A Substantial Burden of Proof and Must Establish That They Took Affirmative Steps to Ascertain Whether their Conduct Complied with Law

To prove a good faith defense, an employer bears the substantial burden of proving that that it acted both reasonably ***and*** in good faith. *Jackson v. Go-Tane Services*, 56 Fed.Appx. 267, 273 (7th Cir. 2003); *Shea v. Galaxie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998); *Bankston v. State of Ill.*, 60 F.3d 1249, 1254 (7th Cir. 1995); *Irwin v. State of Wis.*, 998

3

F.2d 1016, *14 (7th Cir. 1993); *Solis v. Saraphino's, Inc.*, 2011 WL 1532543, *5 (E.D. Wis. Apr. 22, 2011). The requirements of §260 are **_conjunctive_** – an employer must prove both good faith and reasonable grounds for believing that the conduct complied with the Act. 29 U.S.C. §260. Also, a defendant's belief in the legality of his conduct must be objectively reasonable. Thus, while a defendant may testify to his subjective good faith belief, those beliefs hold no weight if they are not objectively reasonable. *Bankston*, 60 F.3d at 1255. Furthermore, to prove the reasonableness of any belief, the defendant must present evidence that he investigated whether his conduct complied with the Fair Labor Standards Act. *Id.*; *Pautlitz,* 874 F. Supp. at 835.; *Alice v. GCS, Inc.,* 2006 U.S. Dist. LEXIS 65498 *21-23 (N.D. Ill. Sep. 14, 2006). "The lack of such an inquiry indicates a lack of good faith in complying with the responsibilities imposed by the FLSA." *Bankston*, 60 F.3d at 1255. Like with most laws, "[a] good heart but an empty head does not produce a defense…" *Walton*, 786 F.2d at 312.

    B. **As a Matter of Law, Defendants Failed to Prove a Good Faith Defense**

The evidentiary record is devoid of any facts that would establish either good faith or an objectively reasonable belief that Defendants' conduct was lawful. Mr. Battles did not even testify to any genuine belief that it was legal to treat Ms. Okoro as having the job of unpaid "girlfriend," rather than as a paid employee. And even if he had so testified, the defense would fail as a matter of law in the absence of proof that Mr. Battles took affirmative steps to ascertain whether it was reasonable under the Act to treat Ms. Okoro as an unpaid "girlfriend" or "volunteer." Thus, the very narrow exception for single damages under §260 does not apply because Mr. Battles did not investigate his compliance with the Act and thus cannot establish

4

good faith or reasonable grounds for believing that his conduct was lawful. *See Bankston*, 60 F.3d at 1254; *Pautlitz*, 874 F. Supp. at 834-36; *Alice*, 2006 U.S. Dist. LEXIS 65498 at *21-23.

### C. Plaintiff Would Be Prejudiced if the Court Were to Further Entertain a Good Faith Defense After Trial

The issue of a Section 11 defense was first raised by the Court *sua sponte* after trial. As set forth above, at trial, Mr. Battles did not establish good faith or reasonable grounds for any belief that his conduct complied with the Act, as a matter of law. At this juncture, the Court's further consideration of the defense would be highly prejudicial to Plaintiff. First, the defense was not raised at any point in the litigation and has clearly been waived. *See Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997); Fed. R. Civ. P. 8(c). Second, the waiver was not harmless. Instead, all of the issues actually raised in the litigation were resolved on summary judgment and at trial. Because Defendants did not raise a good faith defense at any point, Plaintiff did not develop a factual record related to the lack of good faith in discovery or at trial. Had the issue been present in the case, Plaintiff would have developed an evidentiary record in discovery and at trial related to any (purported) basis for a belief by Mr. Battles that the Fair Labor Standards Act did not require him to pay Plaintiff for her work and any (purported) investigation by him about whether his conduct was in compliance with the Act. It is simply too late now for Defendants to be allowed to conjure proof in support this defense.

5

## CONCLUSION

For the above-stated reasons, Plaintiff should be awarded $11,339.80 in unpaid wages, and an additional $11,339.80 in liquidated damages, for a total judgment of $22,679.60, plus reasonable attorney's fees and costs.

Dated: October 3, 2012	Respectfully Submitted:

  s/Rebecca L. Salawdeh
Rebecca L. Salawdeh
Salawdeh Law Office, LLC
7119 W. North Avenue
Wauwatosa, WI 53213
Phone: 414-455-0117
Fax:    414-918-4517
Email: rebecca@salawdehlaw.com

  s/Marni Willenson
Marni Willenson
Willenson Law, LLC
542 S. Dearborn Street, Ste. 610
Chicago, IL 60605
Phone: 312-546-4910
Fax:    312-261-9977
Email: marni@willensonlaw.com

*Attorneys for Plaintiff*